NO. 07-04-0578-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

APRIL 10, 2006

_____

MICHAEL PAUL NESKORIK, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A15603-0408; HONORABLE ROBERT W. KINKAID, JR., JUDGE

_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

**MEMORANDUM OPINION**

Pursuant to a plea agreement, appellant Michael Paul Neskorik was convicted of possession of a controlled substance and sentenced to two years confinement and a $1,000 fine. By a single point of error, appellant contends the trial court erred in denying his motion to suppress evidence obtained during a traffic stop. We affirm.

Appellant was arrested for possession of methamphetamine after being pulled over for driving on the shoulder of an interstate exit ramp. Appellant subsequently filed a motion to suppress the evidence seized in connection with the traffic stop alleging, among other things, it was obtained without "warrant, probable cause, or other lawful authority" in violation of his constitutional and statutory rights. At a hearing on appellant's motion, Department of Public Safety Trooper Benito Gonzales testified he stopped appellant after observing him drive on the "right side of the solid white line and small shoulder area" as he exited the interstate. On cross-examination, Gonzales said he explained to appellant that "[s]ometimes people park there in case of emergency" and that he would be issuing him a warning for driving on the shoulder. Appellant then consented to a search of the vehicle and informed Gonzales there was methamphetamine in a sunglass case in the driver's side door. Trooper Gonzales's testimony was the only evidence presented at the hearing regarding the events leading to the traffic stop.[1] Following the hearing, the trial court issued an order denying appellant's motion. Appellant subsequently pled guilty to possession and was sentenced pursuant to a plea agreement.

By his point of error, appellant maintains the trial court erred by denying his motion to suppress because the State failed to demonstrate the reasonableness of the initial stop.

---

[1]A video recording of the stop captured by Gonzales's in-car camera was also admitted into evidence. However, the recording begins after Gonzales and appellant are stopped on the service road and fails to capture appellant's actions prior to the stop.

Appellant contends he did not commit a traffic violation when he drove on the shoulder of the exit ramp. We disagree.

We review a trial court's ruling on a motion to suppress for abuse of discretion. Balentine v. State, 71 S.W.3d 763, 768 (Tex.Cr.App. 2002). Under this standard, we afford almost total deference to the trial court's determination of historical facts when supported by the record. Guzman v. State, 955 S.W.2d 85, 89 (Tex.Cr. App. 1997). However, mixed questions of law and fact, such as questions involving reasonable suspicion and probable cause, are reviewed de novo. *Id.* Where, as here, the trial court fails to make written findings of fact, we view the evidence in the light most favorable to the trial court's ruling and assume the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the record. Carmouche v. State, 10 S.W.3d 323, 328 (Tex.Cr.App. 2000).

At a suppression hearing, when there is a warrantless search and seizure, the State bears the burden of proving the reasonableness of the initial stop. *See* Russell v. State, 717 S.W.2d 7, 9-10 (Tex.Cr.App. 1986); Hernandez v. State, 983 S.W.2d 867, 869 (Tex.App.–Austin 1998, pet. ref'd). In this regard, it is well settled that a police officer may briefly detain and investigate an individual when he has reasonable suspicion the individual is engaged in criminal activity. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Carmouche*, 10 S.W.3d at 329. Reasonable suspicion exists if an officer has specific articulable facts that, when combined with rational inferences from those facts,

3

would lead him to reasonably conclude that an individual actually is, has been, or soon will be engaged in criminal activity. Ford v. State, 158 S.W.3d 488, 492 (Tex.Cr.App. 2005). This is an objective standard that disregards any subjective intent of the officer making the stop and looks solely to whether an objective basis for the stop exists. *Id.* Here, because the historical facts are not disputed, we will review de novo whether these facts give rise to reasonable suspicion of criminal activity. *Hernandez*, 983 S.W.2d at 869.

Section 545.058(a) of the Transportation Code provides that an operator of a vehicle "may drive on an improved shoulder to the right of the main portion of the roadway if that operation is necessary and may be done safely," but only for certain listed purposes. Tex. Transp. Code Ann. § 545.058(a) (Vernon 1999). "Shoulder" is defined as follows:

> . . . the portion of a highway that is:
> (A) adjacent to the roadway;
> (B) designed or ordinarily used for parking;
> (C) distinguished from the roadway by different design, construction, or marking; and
> (D) not intended for normal vehicular travel.

*Id.* at § 541.302(15). A "ramp" is defined as "an interconnecting roadway of a traffic interchange, or a connecting roadway" between highways. *Id.* at (11).

Applying these definitions to the evidence before the trial court, we disagree with appellant's contention that section 545.058(a) does not apply to the shoulder of the exit

4

ramp in the present case.[2] Trooper Gonzales testified (1) there was a shoulder area adjacent to the ramp, (2) designated by a solid white line, (3) appellant drove on the right side of the white line, and (4) people sometimes park on the shoulder area in case of emergency. Furthermore, there was no evidence from either party suggesting appellant's actions were justified or necessary for any of the listed exceptions under 545.058(a). *See* Tex. Transp. Code Ann. § 545.058(a)(1)-(7). Considering the evidence in the light most favorable to the trial court's ruling, we find this evidence was sufficient to allow Trooper Gonzales to reasonably conclude appellant was in violation of 545.058(a).

Accordingly, the trial court's order denying appellant's motion to suppress is affirmed.

Don H. Reavis
Justice

Do not publish.

---

[2]The record here does not describe the exit ramp by dimensions or otherwise. Our analysis here is based only upon the description of the exit ramp presented to the trial court.